CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUN 27 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN R. LAY, | ) | Civil Action No. 7:11-cv-00291 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BENSON E. LEGG, et al., | ) | By: Hon. Jackson L. Kiser |
|    Defendants. | ) | Senior United States District Judge |

Plaintiff John R. Lay, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §§ 1331, 1343. Plaintiff did not submit payment for the $350 filing fee with his complaint and did not file financial documents in support of a request to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915. Plaintiff had at least three non-habeas civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. See Lay v. Clinton, et al., No. 09-7065 (4th Cir. Apr. 29, 2010) (order denying leave to proceed without prepayment of the appeal fee and requiring filing fee to be paid in full).

In accordance with 28 U.S.C. § 1915(g), a district court previously advised plaintiff that he had "three strikes." Lay v. Clerk of Court, No. 1:10-cv-01310 (D. Md. Jun. 2, 2010) (order advising plaintiff that he is a three-striker pursuant to 28 U.S.C. § 1915(g)). Therefore, plaintiff needed to submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). Based on the foregoing and the complaint, I find that plaintiff has failed to demonstrate any imminent danger of serious

physical harm in the complaint and did not pay the $350.00 filing fee despite being previously advised of having three strikes. Accordingly, I deny plaintiff's implied motion to proceed in forma pauperis and dismiss the complaint without prejudice for failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 27th day of June, 2011.

Senior United States District Judge